UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

CARMEN MARTINEZ,

Plaintiff,

v.

CANYON COUNTY JAIL MEDICAL STAFF, CANYON COUNTY SHERIFF'S OFFICE,

Defendants.

Case No. 1:26-cv-00480-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is Plaintiff Carmen Martinez's application to proceed without prepayment of fees and proposed Complaint. Dkts. 1, 2. Also before the Court is a letter written by Martinez to the Court that the Court construes as a petition for a temporary restraining order. Dkt. 3. For the reasons explained below, the Court will deny Martinez's in forma pauperis application and dismiss her Complaint, as well as deny her petition for a temporary restraining order. The Court will provide sixty days to file an amended application and complaint.

## ANALYSIS

A person with limited resources may bring a civil case in federal court "in forma pauperis," which means without prepaying the otherwise necessary fees. 28

U.S.C. § 1915. To qualify to proceed this way, such a person must apply with the court by submitting an affidavit—a written document given under oath or affirmation—in which the person explains their financial status and states that they are unable to pay the fees. *Id*. The applicant must state the relevant facts in this affidavit "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

The Court must also review the applicant's complaint—the document used to start the lawsuit. As part of that review, the Court is authorized to dismiss a case if it is frivolous or malicious, fails to state a claim that could result in the granting of relief, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii); see *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). The Court first "grants or denies [in forma pauperis] status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint." *Franklin v. Murphy*, 745 F.2d 1221, 1226, n.5 (9th Cir. 1984). During this initial review, a court generally gives the applicant the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

<u>The Application</u>

In evaluating the application to proceed without prepayment of fees, the Court compares the applicant's income to the poverty guidelines as a gauge of

ability to pay. *Clark v. Commissioner of Social Security*, Case 4:25-cv-00574-BLW, 2022 WL 1271005, at *1 (D. Idaho 2022). The applicant however need not "be absolutely destitute" to proceed without paying fees. *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

In Martinez's application, she does not indicate that anyone else relies on her for support. Dkt. 1 at ¶ 8. The poverty level for a single person according to the Guidelines is $15,650 in 2025 and $15,960 in 2026.[1] Martinez noted that over the past twelve months, she received $981.00 per month in disability payments and public assistance. *Id*. at ¶ 1. Martinez did not identify any other source of income and is not employed. *Id.* at ¶¶ 1, 2. Thus, her average monthly income for the past twelve months was $981.00. She stated that her monthly expenses totaled $600.00. Martinez possesses a checking account with $351.00. *Id*. at ¶ 4. Martinez listed a vehicle, a 2010 Sentra, but did not provide a value. *Id*. at ¶ 5. Martinez stated that she is staying with friends. *Id*. at ¶ 11. The Court will deny Martinez's application for now, and direct her to include a valuation of the vehicle.

<u>The Complaint</u>

---

[1] The HHS Poverty Guidelines for 2025 are available at: https://aspe.hhs.gov/sites/default/files/documents/dd73d4f00d8a819d10b2fdb70d254f7b/detailed-guidelines-2025.pdf, and the 2026 guidelines are available at: https://aspe.hhs.gov/sites/default/files/documents/b1bfa16b20ae9b89d525bc35de7c1643/detailed-guidelines-2026.pdf

The Court is required to screen complaints brought by litigants seeking in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *Id*

A complaint must state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a plaintiff cannot simply restate standards of law or provide conclusory statements that the defendants harmed the plaintiff—the plaintiff must plead sufficient facts to show a causal link between each defendant and the alleged injury. *Iqbal*, 556 at 678-79.

Martinez's complaint alleges that on August 3, 2023, on court orders, she was taken into custody and transported to the Canyon County jail. Martinez wore a medically necessary heart monitor prescribed to her by her doctor. Martinez alleges that the jail staff removed the monitor. While she was incarcerated without her monitor, her heart began to fail, and she repeatedly lost consciousness. Jail staff, including medical personnel, ignored Matinez's condition and refused to return the monitor or otherwise render proper treatment. Martinez further alleges

that on April 2, 2024, while still incarcerated at the Canyon County jail, she had to have a pacemaker surgically inserted.

Section 1983 claims are governed by the state's statute of limitations for personal injury claims. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985). In Idaho, that statute provides a plaintiff with two years from the date of the injury to file suit. I.C. § 5-219(4). When a § 1983 cause of action accrues is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). In the Ninth Circuit, the statute of limitations begins to run when the claim accrues. Accrual occurs when the plaintiff has a complete and present cause of action—that is, when the plaintiff knows or has reason to know of the actual injury. *Flynt v. Shimazu*, 940 F.3d 457, (9th Cir. 2019) (citations omitted). Federal courts, however, apply state law regarding tolling when not inconsistent with federal law. *Fink v. Shedler*, 192 F.3d 911, (9th Cir. 1999).

Martinez alleges that her injury occurred in August of 2023, when jail staff took her heart monitor. According to her complaint, the entire series of events that give rise to her claim occurred between August 2023 and April 2024. Martinez filed suit on July 30, 2026. Thus, the statute of limitations would have expired for any claims that accrued before July 30, 2024—which includes her claim.

The Idaho Code tolls the running of the statute of limitations under certain circumstances in Title 5, Chapter 2. The statute of limitations may also be

equitably estopped. *See Day v. Idaho Transp. Dep't*, 458 P.3d 162, 170 (Idaho 2020) (citation omitted). A plaintiff must establish four elements to assert equitable estoppel:

> (1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice.

*Ferro v. Soc'y of Saint Pius X*, 149 P.3d 813, 815 (Idaho 2006).

Martinez's complaint gives no indication that the statute of limitations should be estopped, either by statute or in equity.

In addition to the statute of limitations preclusion, there are additional issues with the complaint. Martinez names as defendants "Canyon County Jail Medical Staff" and "Canyon County Sheriff's Office." Martinez's complaint is too vague as to evaluate whether she has stated a plausible claim against "jail medical staff." To state a plausible § 1983 claim, a plaintiff must allege violation of constitutionally-protected rights caused by conduct of a person acting under color of state law. *Ferguson v. Idaho Dep't of Corr.*, 2020 WL 1016447 at *2 (D. Idaho Mar. 2, 2020). Prison medical providers generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Id*. Further, jail medical staff may actually just be

employees of the Canyon County Sheriff's Office, or they could be part of a private organization that the county contracts with, which comes with its own particular rules for a § 1983 suit. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).

Additionally, as to both jail medical staff and the Sheriff's Office, the law is well established "that a local government entity is not liable for an individual's conduct simply because it employed a person whom [a plaintiff alleges] violated their constitutional rights." *Cox v. Bingham Cnty. Sheriff's Off.*, 2024 WL 3860202 at *2 (D. Idaho Aug. 19, 2024). A plaintiff must instead "establish that the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation they suffered." *Id*. (citation and quotation omitted).

Martinez fails to state a claim for which relief can be granted. Accordingly, the Court will dismiss her Complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal is without prejudice, so that, if Martinez has claims that would fall within the statute of limitations, or can demonstrate that the statute of limitations should be tolled, she can amend her complaint. Martinez will have sixty days from the entry of this order to file an amended complaint. If Martinez does so, the Court will consider her claim anew. If she does not timely amend, the Court will dismiss this case without prejudice.

The Temporary Restraining Order

On September 11, 2026, during the pendency of the Court's decision on her application, as well as its review of her Complaint, the Court received a letter from Martinez.

Martinez stated that she was "reporting a severe coordinated threat to [her] physical safety." Dkt. 3. She alleged that an Officer Diaz, who appears to be Martinez's probation officer, "unlawfully handcuffed" her and "did not believe [her] about [her] pacemaker [and severe] high blood pressure. *Id*. Martinez also stated that Officer Diaz saw her lawsuit papers and "stated the name Mark Taylor as an explicit threat." *Id*. Mark Taylor, Martinez alleges, was an individual who threatened her "on these exact court cases" while she was incarcerated. *Id*. Martinez also makes an allegation against Officer Diaz related to her housing, but the Court is unable to read Martinez's handwriting in that portion of the letter. *Id*.

"Temporary restraining orders serve the underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Nat'l Urban League v. Ross*, 484 F. Supp. 3d 802, 805 (N.D. Cal. 2020) (cleaned up and citation omitted). "The purpose of a temporary restraining order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction. A plaintiff seeking a temporary restraining order must establish (1) likelihood of

success on the merits; (2) likelihood of suffering irreparable harm in the absence of an injunction; (3) a favorable balancing of equities; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

A temporary restraining order binds the parties, the parties' officers, agents, servants, employees, and attorneys, and other persons "who are in active concert or participation" with the parties or their above-listed representatives. Fed. R. Civ. P 65(d)(2).

The Court cannot determine whether Officer Diaz[2] is an individual that falls within the bounds of Rule 65(d)(2). Officer Diaz is not a party to this action. It is unclear who Officer Diaz is employed by. Probation & Parole is a division of the Idaho Department of Correction. Martinez was held in the Canyon County Jail, and according to her *in forma pauperis* application, lives in Boise, Ada County. Canyon County and Ada County both have misdemeanor probation programs. Canyon County's misdemeanor probation appears to be run by the county itself, while Ada County's is a service of the Ada County Sheriff's Office—neither of which are parties to this suit. Ultimately, the Court lacks the requisite information to determine who Officer Diaz is, and where he or she works.

---

[2] Martinez did not provide the Court with a first name for Officer Diaz.

Additionally, there must be a "significant nexus" between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945)). Martinez's "motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in [her] inadequate medical treatment lawsuit." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Officer Diaz's alleged intimidation of Martinez is a wholly separate claim from that of Canyon County Jail staff allegedly confiscating a prescribed medical device.

Martinez may either, in amending her complaint, add a claim against Officer Diaz and again move for a temporary restraining order with a more comprehensive factual basis. Alternatively, she may bring a separate suit against Officer Diaz. *See id*. at 638. However, on the record before the Court here, it lacks the necessary information to evaluate Martinez's request for a temporary restraining order.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is **DENIED** with leave to do so within 60 days of the date of this order.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED** with leave to amend. If Plaintiff wishes to file an Amended Complaint, she must do so within 60 days of the date of this order.

3. Plaintiff's Motion for Temporary Restraining Order (Dkt. 3) is **DENIED**.

DATED: September 18, 2026

B. Lynn Winmill
U.S. District Court Judge